UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERT BRADLEY,

                Plaintiffs,

      v.

BRENDAN NOLAN, et. al.,

                Defendants.

MEMORANDUM DECISION
AND ORDER

03 cv 1616 (GBD)

GEORGE B. DANIELS, District Judge:

      Pro se plaintiff Albert Bradley commenced this action under 42 U.S.C. § 1983 asserting claims of false arrest and false imprisonment, and seeking money damages and declarative relief against individually named police officers and the New York City Police Department.[1] The matter was referred to Magistrate Judge Debra Freeman. Plaintiff moved to amend his original complaint under Federal Rule of Civil Procedure 15(a) to add the claim of malicious prosecution against the originally-named defendants and assert the claims of false arrest, false imprisonment and malicious prosecution against certain new defendants not named in the original complaint. Magistrate Judge Freeman issued a Report and Recommendation ("Report") recommending plaintiff's motion to amend the complaint be denied, finding that plaintiff's new claims, as well as all of his original claims, were time-barred by the applicable statute of limitations. She further recommended that defendants be invited to file a motion to dismiss the complaint, based on the governing statute of limitations. Plaintiff filed timely objections to the Report.

      The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to

---

[1] Plaintiff has also filed a petition for habeas corpus, currently pending before Judge John Koeltl, challenging his conviction, after a jury trial, of rape in the first degree (two counts) and attempted sodomy in the first degree, and sentence of 36 years in state prison. Bradley v. Burge, No. 06 Civ. 40 (JGK)(S.D.N.Y. filed Jan. 4., 2006).

which objections are made.  Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006).  The Court is not required to conduct a de novo hearing on the matter.  United States v. Raddatz, 447 U.S. 667, 676 (1980).  "It is sufficient that the district court arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made . . . ."  Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).  Thus, the Court is obligated to exercise "sound judicial discretion with respect to whether reliance should be placed on [the magistrate judge's] findings."  Am. Express Int'l Banking Corp. v. Sabet, 512 F.Supp. 472, 473 (S.D.N.Y.1981), aff'd, 697 F.2d 287 (2d Cir. 1982).   The Court, however, "may adopt the uncontested portions of the report unless they show clear error."  La Barbera v. A.F.C. Enterprises, Inc., 402 F.Supp.2d 474, 476-77 (S.D.N.Y. 2005) (citations omitted).

 Magistrate Judge Freeman determined that both the false imprisonment and false arrest claims in plaintiff's original complaint, as well as the malicious prosecution claim in his proposed amended complaint, were time-barred.  The applicable statute of limitations for Section 1983 claims is three years, Owens v. Okure, 488 U.S. 235, 251 (1989), and begins to run from the time plaintiff knew or had reason to know the injury that serves as the basis of the action.  Jaghory v. New York State Dept. of Ed, 131 F.3d 326, 331-32 (2d Cir. 1997).  For false arrest and false imprisonment claims, this three-year period begins to run from the date of plaintiff's arrest.  See Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) & Decristo v. City of New York, No. 03 Civ. 1819, 2004 U.S. Dist. LEXIS 9557, at *2 (S.D.N.Y. May 26, 2004).  Plaintiff was arrested on July 27, 1998.  He filed this action on February 11, 2003, more than four and a half years later.  The statute of limitations on a malicious prosecution claim begins to

run from the time the underlying criminal action was conclusively terminated.  Pichardo v. New York Policy Dep't, No. 98 Civ. 429 (DLC), 2000 U.S. Dist. LEXIS 8238, at *8 (S.D.N.Y. June 14, 2000).  According to plaintiff, the charges of burglary and public lewdness, which form the basis of his malicious prosecution claim, were dismissed on June 27, 2000.  Magistrate Judge Freeman held that plaintiff did not raise a malicious prosecution claim until five years later when he filed the motion for leave to amend his complaint on November 17, 2005.

Federal Rule of Civil Procedure 15(c)(2) permits the filing of amended pleading after the statute of limitations on the claims had run if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." But a timely complaint is a pre-requisite to this relation back exception. See VKK Corp. v. NFL, 244 F.3d 113, 128 (2d Cir. 2001).  Magistrate Judge Freeman held that since both of plaintiff's original causes of action, false imprisonment and false arrest, were time-barred in the original complaint, his proposed amended claim of malicious prosecution cannot relate back and is also time-barred.  An amended complaint is futile if the new claims cannot withstand a motion to dismiss. See Milanese v. Rust-oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

Plaintiff asserts in his objections that his original complaint actually contained his malicious prosecution claim. (See Original Complaint at 8 ("The plaintiff was falsely arrested without any explanation and illegally detained for twenty three months (23) in New York City, Rikers Island Jail, which ended when the charges the plaintiff Albert Bradley was arrested for were dismissed on [sic] june 27, 2000.")).  He reasons that since the original complaint was filed within three years of the time when those charges were reportedly dismissed, his malicious

3

prosecution claim was therefore filed within the statute of limitations. And on this basis, he argues that his motion for leave to amend the complaint should be granted because the proposed amendments relate back to a timely-filed original complaint.

The Court adopts that portion of Magistrate Judge Freeman's recommendation inviting defendants to file a motion to dismiss the complaint. Upon a review of the record after submission of defendants' motion to dismiss the complaint, this Court will determine whether any of plaintiffs asserted or proposed claims validly state a cause of action within the applicable statute of limitations period.

Defendants may file such a motion within 30 days of this Order. Plaintiff shall then have 30 days to respond to defendants' motion. Defendants shall have 10 days from the date of plaintiff's response to file a reply.

SO ORDERED.
Dated: November 9, 2006
New York, New York

SO ORDERED:

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

4